Beekman, J.
The complaint sets forth an executory agreement between the plaintiff and the . defendant corporation, the Siegel-Cooper Company, and alleges that the said company has notified the plaintiff that it does not intend to perform the same, and asks for equitable relief by way of injunction.
By the terms of the agreement in question, the plaintiff contracts to conduct, at its own expense and risk, a pattern department on the ground floor of the defendant company’s store, and to furnish its own employees, who are to be subject to the rules of the defendant company governing those employed in its service. There is a reciprocal obligation on the part of the Siegel-Cooper Company to furnish a definite location in the store for the plaintiff’s business, the defendant company having the option of changing such location, with the single qualification that the new place shall not be less prominent nor of less space than the former, except between Thanksgiving day and Christmas of each year. The agreement in terms provides that the Siegel-Cooper Company is appointed the plaintiff’s agent for the sale of standard patterns and! standard fashion publications for a term of two year’s from the date specified in the contract, such term to be extended from year to year thereafter, unless terminated by a notice in writing to be given by either party to the other within a certain time which the contract prescribes. In furtherance of this engagement, the plaintiff binds itself to furnish to the defendant company, free of charge, not less than 250,000 eight-page fashion sheets of a specified kind. The defendant company in turn agrees to sell these sheets from its store, and to furnish wrapping paper and twine, free delivery to purchasers and other store facilities. It further binds itself (<not to sell-or- allow to be sold on its prem-ises during the duration of' this contract any other make of paper patterns.” It also agrees to pay over to the plaintiff two-thirds of all the moneys received from the sale of such patterns and fashion publications, settlements to be made weekly between the parties* and to malee no charge for “ cashiering,” the remaining *626 .one-third to be retained by the defendant company for its remuneration.
The contract also contains certain provisions under which each party engages to aid in advertising the business of the other. On the one hand, the plaintiff agrees to print an advertisement of the defendant company on the front- and back of its fashion sheets without charge, and to change such advertisement monthly, if so requested by said defendant. On the other hand, the latter engages, but at the plaintiff’s expense, to make frequent mention in its daily New York newspaper advertisements of the fact that it is the agent for the sale of plaintiff’s patterns, and also to allow the plaintiff, at its own expense, to make a reasonable display of attractive show cards and signs at convenient places in the store, such cards and signs to .be subject to the approval of the defendant company.
; The complaint alleges 'that prior to the date on which peiv formance of the contract was to commence, the defendant Siegeb Cooper Company entered into an agreement with- the defendant, the Butterick Publishing Company, which was a business rival óf the plaintiff, for the sale of its patterns at the same place, and notified the plaintiff that it would not perform the agreement which it had entered into as above stated. It is further alleged that the Butterick Publishing Company was not only aware of. the plaintiff’s rights, but also induced-the Siegel-Oooper • Company to violate its agreement with the plaintiff,, and has agreed to indemnify it against the consequences of its unlawful act.
. The court is now asked to adjudge that the Siegel-Oooper C'orm pany specifically perform -its agreement, and that it be enjoined from selling or allowing to be sold on- its premises, during- the continuance of the contract, any paper patterns except those made by plaintiff, and that the Butterick Publishing Company be also-restrained from selling its patterns at that place. A demurrer has; been interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, and it is contended on the part of the defendants that the courts will not specifically .enforce contracts of this character, and that the plaintiff has' an adequate remedy at law for the breach of the contract.
It seems to be .a well-established rule that the courts will decline to adjudge the specific performance of a contract which involves the future performance by either of the parties of continuous acts covering a considerable length of time. Fargo v. N. Y. & *627 N. E. R. R. Co., 3 Misc. Rep. 205, and cases there cited. The court will not be satisfied with directing a partial or one-sided enforcement of an executory contract, but if it affords any relief in equity at all, will enforce the contract as a whole and exact a compliance by the plaintiff with the engagements which he also has made. Justice demands and will be satisfied with no less than this. The contract is entire, and the obligation lof one party is measured and is dependent upon the performance, in turn, by the other of the duties which he has undertaken. It is plain, thereifore, that if specific performance of this contract should be adjudged in favor of the plaintiff, the latter also would necessarily come under the control and supervision of the court, with respect to the further performance by it of its part of the contract, and the entire business covered by the contract would thenceforward during the entire period of its continuance be transacted under the • arbitrament of the court. That this is extending the functions of the court beyond what is desirable or proper, under our system of jurisprudence, seems to be recognized in cases more or less akin to the one at bar.
It is hardly necessary for me here to collate the authorities bearing upon the point. That has been already done to a large extent by Mr. Justice Barrett, in his able discussion of the principle involved, in the case of Fargo v. N. Y. & N. E. R. R. Co., supra. In that case the defendant entered into a contract with the express company of the plaintiff, which conferred upon the latter the exclusive right and privilege to control, direct and transact all the transportation business that might' be offered to or controlled by either of the parties over and upon the passenger trains of the railroad company upon its main line and upon its branches, extensions and leaseholds. The contract contained a number of somewhat minute provisions for the purpose of insuring the necessary space upon the cars and other, facilities along the line of the road requisite to the proper transaction of the extensive business which was in contemplation between the parties. The defendant company having refused to perform its contract, an action was brought to specifically enforce it, and an injunction against the defendant was asked for. After reviewing the terms of the contract, Mr. Justice Barrett says (p. 209): “ A decree for specific performánce couched in the precise terms of the contract itself, would be but the beginning of the judicial work. If, for instance, the court should adjudge that the railroad company at all times furnish a *628 sufficient space in its cars, and afford the express company from time to time, requisite and reasonable facilities, conveniences and rooms and the assistance of employees when necessary, etc., is it hot entirely clear that the question of compliance would involve supplemental judgments, from time to time, upon subsequent and successive issues .of fact?- And would not the enforcement of the judgment upon these supplemental inquiries call for .successive proceedings to punish for -contempt? The answer must plainly be in the affirmative.” The conclusion of the court was that the case was one coming within the rule above mentioned which denies the right to specific performance in such cases.
The fact, that the contract in question contains a stipulation by which the defendant Siegel-Cooper Company agrees “not to sell or allow to- be sold on its premises during the duration of this contract, any other make of paper patterns,” does not take the case out of the operation of the rule. Fargo v. N. Y. & N. E. R. R. Co., supra.
In Fry on Specific Performance (3d. ed.), § 862, it is said: “ Even the presence of an express negative stipulation will not be found a sufficient • ground for jurisdiction unless the contract is of a kind of which specific performance can be granted. In other words, it is probable that the court will hereafter, except so far as it may be bound by existing authorities, consider whether the contract in respect of which the injunction is sought is or is not of a kind to afford specific performance; that if it be the court will tend to restrain acts inconsistent with it, whether there be negative words or not; that if it be not of a kind to afford specific performance, no injunction will be granted, even though negative words may be present.”
The leading case of Lumley v. Wagner, 1 DeG., M. & G. 604, and the cases which follow it, holding that injunctive relief will be granted; although the contract will not be otherwise specifically enforced, express an exception to the general rule in a particular class of cases where the subject-matter of the contract is the performance by the party enjoined of personal services that are special, individual and .extraordinary. The -case under consideration, it is apparent, does not come within this exception.
■A consideration of the contract here shows the necessity for the performance by the parties thereto, from time to time, and with great- frequency, of • various acts, some of them of such a. nature that differences between the parties áre quite likely to arise *629 as to wkétker there has been a due performance of the contract or not. If the court is to grant the relief asked for, it becomes bound, as we have seen, to assume a jmisdiction which would compel it, from time to time and as often as such differences might arise, to intervene and see to it that its- judgment was carried into effect. The conditions axe thus found to exist which bring the case within the mischief which the rule refusing equitable relief under such circumstances was designed to prevent. It would, therefore, seem to follow that the relief sought in this action cannot be granted.
If I am right in this conclusion, the complaint does not state facts sufficient to constitute a cause of action and the demurrer must be sustained. Demurrer sustained, with costs, with the usual leave to the plaintiff to amend on payment of costs.
Ordered accordingly.